1
2
3
4
5
6
7                              UNITED STATES DISTRICT COURT
8                             CENTRAL DISTRICT OF CALIFORNIA
9

10  FELICIANO CADENA,                )   Case No. SA CV 10-0472 DSF (JCG)
                                     )
11              Petitioner,           )   MEMORANDUM AND ORDER
                                     )   DISMISSING PETITION WITH LEAVE
12      v.                            )   TO FILE AN AMENDED PETITION
                                     )   WITHIN THIRTY DAYS
13  M. MARTEL,                       )
                                     )
14              Respondent.           )
                                     )
15  _____  )

16

17                                        I.

18                                   PROCEEDINGS

On April 15, 2010, petitioner Feliciano Cadena ("Petitioner"), a California prisoner incarcerated at California State Prison, Los Angeles County ("Los Angeles County Prison") and proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. The Petition names a single respondent - "M. Martel." (Petition at 1.)

On April 16, 2010, the Court found that the Petition was defective on its face because it had not been verified by the Petitioner. (Apr. 16, 2010 Minute Order.) Accordingly, the Court ordered the Petitioner to sign the Petition and return it to the Court by May 17, 2010. (*Id*.) On May 10, 2010, Petitioner re-filed a signed copy of

the Petition.  Plaintiff has also requested to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Petitioner alleges four grounds for relief in his Petition:  (1) Petitioner's "[d]ue [p]rocess [rights were] [v]iolated [because] the prosecution eyewitness evidence lack[ed] sufficient credibility and [was] tainted by a suggestive pretrial photo lineup procedure and police interference"; (2) Petitioner's due process rights and his right to present a defense were violated by the "[c]ourt[']s [d]enial of a [r]equest [f]or [a]n [i]nstruction regarding third party [c]ulpability"; (3) Petitioner's due process rights were violated when the "[c]ourt [a]llow[ed] a [g]ang [e]xpert to [b]ase [h]is [o]pinions [regarding] [g]ang [a]ffiliation upon [d]ocuments" for which there was insufficient foundation; and (4) Petitioner's due process rights and his right to a fair trial were violated when the "[j]ury [was] permitted to consider highly prejudicial gang evidence[.]"  (Petition at 5-6.)

## II.

## DISCUSSION

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has reviewed the Petition and determined that the Petition names an improper respondent.  "[T]he proper respondent to a habeas petition is the person who has custody over the petitioner."  *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (internal quotation marks and brackets omitted); *see also* 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody").  Thus, "[t]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]"  *Rumsfeld*, 542 U.S. at 435; *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (*as amended* May 18, 1994) (the proper respondent in a habeas action is "typically ... the warden of the facility in which the petitioner is incarcerated").  The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction."  *Ortiz-*

*Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (*as amended* May 8, 1996); *see also Stanley*, 21 F.3d at 360.

      Here, the Petition names "M. Martel" as the Respondent. (Petition at 1.) Mike Martel is currently the warden of Mule Creek State Prison located in Ione, California. However, Petitioner alleges that he is incarcerated at Los Angeles County Prison located in Lancaster, California. (*Id.* at 1-2.) Brenda Cash, and not Mike Martel, is the warden of Los Angeles County Prison. Consequently, Petitioner has failed to name the correct respondent in his Petition, and such failure divests this Court of personal jurisdiction over this matter. *Rumsfeld*, 542 U.S. at 435; *Stanley*, 21 F.3d at 360; *Ortiz-Sandoval*, 81 F.3d at 894.

## III.

## ORDER

1.    The Petition, filed on May 10, 2010, is **DISMISSED** with leave to amend, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, for failure to name a proper respondent.

2.    Petitioner is given leave to amend and is **GRANTED** up to and including June 24, 2010, to file a First Amended Petition curing the deficiency discussed above. Petitioner must clearly designate on the face of the document that it is the "First Amended Petition," and it must be retyped or rewritten in its entirety on a court-approved form. The First Amended Petition may not incorporate any part of the original Petition by reference. After amendment, the Court will treat the Petition as nonexistent.

3.    If Plaintiff fails to file a First Amended Petition by June 24, 2010 and/or such First Amended Petition fails to comply with the requirements set forth in this Memorandum and Order, the Court may recommend that this action be dismissed with prejudice.

4.    The Clerk of Court is **DIRECTED** to send Petitioner a court-approved form for filing a Petition for Writ of Habeas Corpus by a Person in State Custody.

1  IT IS SO ORDERED.
2
3  DATED:  May 28, 2010
4  _____
5  HON. JAY C. GANDHI
   UNITED STATES MAGISTRATE JUDGE
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28